IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA ROLAND FULLER GILLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18cv143-WHA |
| ) | [WO] |
| UNITED STATES PROBATION, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff was incarcerated at the Greene County Justice Center in Springfield, Missouri, when he initiated this civil rights action under *Bivens v. Six Unknown Named Agent*, 403 U.S. 388 (1971), on March 1, 2018.[1] After reviewing Plaintiff's complaint, the court determined that Plaintiff should file an amended complaint and issued an order containing detailed instructions for Plaintiff regarding the filing of the amended complaint. Doc. 9. Specifically, the court explained that the complaint failed to name a proper defendant and contained only vague and conclusory allegations. Doc. 9 at 1–2. The court advised Plaintiff that "this case will proceed only against the defendants named and claims presented in the amended complaint" and cautioned Plaintiff that his failure to comply with the directives of this order would result in a recommendation that this case be dismissed.

---

[1] Plaintiff was convicted in this court of carjacking in 2012. *Gilley v. United States*, Case No. 1:11cr114-WHA (M.D. Ala. 2012). He was sentenced to 46 months of imprisonment to be followed by 36 months of supervised release. In December 2017, after Plaintiff was detained in a traffic stop by police in Springfield, Missouri, his probation officer in the Middle District of Alabama filed a petition for revocation of supervised release based on Plaintiff's unlawful use of a controlled substance and his leaving the judicial district without the permission of the court or probation officer. *See* Case No. 1:11cr114-WHA.

Doc. 9 at 3.

The time allowed to Plaintiff to file the amended complaint expired on June 5, 2018. *See* Doc. 9 at 2.  As of the present date, Plaintiff has failed to file the amended complaint as required by this court.  In light of Plaintiff's failure to file the necessary amended complaint, the court concludes that this case should be dismissed. *See Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir.1989) (holding that a "district court possesses the inherent power to police its docket").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to file an amended complaint as directed by the order of this court.

On or before **July 5, 2018,** Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE on the 21st day of June, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE